**Charles J. HALON, Jr., Executor of the Estate of Bertha Kubilus and Personal Representative, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, as Designee of Raymond P. Donovan, Secretary of Labor, Respondent.**

No. 82–3066.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Sept. 15, 1982.

Decided Oct. 22, 1982.

As Amended Dec. 7, 1982.

Maureen E. Krueger, Krasno & Krasno, Pottsville, Pa., for petitioner.

T. Timothy Ryan, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Asst. Counsel for Black Lung Benefits, Bonnie J. Brownell, Atty., U. S. Dept. of Labor, Washington, D. C., for respondent.

Before GIBBONS, WEIS and SLOVITER, Circuit Judges.

**OPINION OF THE COURT**

GIBBONS, Circuit Judge.

The Administrator of the Estate of Bertha Kubilus, widow of George Kubilus,

whom she claims was a coal miner, petitions for review of a decision of the Benefits Review Board affirming the decision of an administrative law judge denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945 (1976). Petitioner claims (1) that the administrative law judge erred in depriving her of the benefits of a presumption of total disability; (2) that he erred in finding that she failed to establish that George Kubilus had ten years of coal mine employment, thus triggering the presumption of permanent disability or death due to pneumoconiosis, and (3) that in any event the Benefits Review Board should have remanded the case to consider the claim under 20 C.F.R. § 718 (1982). The Director, Office of Workers' Compensation Programs, United States Department of Labor, while disputing the first two contentions, concedes the third, since the claim was adjudicated after March 30, 1980. Both parties agree that the criteria in 20 C.F.R. § 718 (1982) are more favorable to claimants situated as was Mrs. Kubilus.

We have reviewed the record and conclude that the administrative law judge's finding that Mrs. Kubilus failed to show ten years of coal mine employment is supported by substantial evidence. Thus her second argument lacks merit.

The Director, Office of Workers' Compensation concedes the validity of Mrs. Kubilus' third claim, that the Benefits Review Board should have remanded to the Administrative Law Judge for adjudication pursuant to 20 C.F.R. § 718 (1982). Thus it will be necessary to grant the petition for review and remand with a direction to that effect.

As to Mrs. Kubilus' first argument, that she should have the benefit of the presumption of total disability or death from pneumoconiosis, the Director contends that although Administrative Appeals Judge Miller dissented on that ground we should not consider it because it was not raised in the Agency by the petitioner. If the point was the sole ground relied upon in the petition for review the Director's objection to its consideration might have merit. However, the Director concedes that a remand is re-

quired in any event, and the point may be presented again. Thus it is appropriate to consider now the issue that divides the Benefits Review Board.

Judge Miller dissented in this case essentially for the reasons advanced in his dissent in *Lynn v. Director, Office of Workers' Compensation Programs,* 3 B.L.R. 1–125, 1–128 (1981). The Board majority contends that the presumption of total disability or death from pneumoconiosis, 20 C.F.R. § 727.203, arises only upon proof of ten years of coal mine employment. Judge Miller contends that because 30 U.S.C. § 902(f)(2) authorizes the promulgation of regulations which "shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973," the appropriate reference is to 20 C.F.R. § 410.490(b) (1982), which applied to claims filed on June 30, 1973. That regulation provides in pertinent part:

> With respect to a miner who files a claim for benefits before July 1, 1973, . . . , such miner will be presumed to be totally disabled due to pneumoconiosis, . . . if: a chest roentgenogram [X-ray], biopsy, or autopsy establishes the existence of pneumoconiosis (see § 410.428); . . . [and] [t]he impairment established . . . arose out of coal mine employment (see §§ 410.416 and 410.456).

There the Administrative Law Judge found that, based on the positive X-ray evidence of pneumoconiosis, claimant had established the existence of that condition. It was also found that since the decedent held no other jobs in which he was exposed to a dusty environment the pneumoconiosis arose out of coal mine employment.

We agree with Judge Miller that if the Board is to effectuate the intent of Congress in enacting the 1977 Amendments to the Black Lung Benefits Act, of which 30 U.S.C. § 902(f)(2) is a part, it must apply the presumption in 20 C.F.R. § 410.490(b) whenever the claimant establishes pneumoconiosis by X-ray, biopsy or autopsy, and also establishes that the pneumoconiosis arose out of coal mine employment.

The petition for review will be granted and the case remanded to the Benefits Review Board for further. proceedings consistent with this opinion.