Thomas G. CAPRINI, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 86–3598.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) April 30, 1987.

Decided July 29, 1987.

George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel for Appellate Litigation, Michael J. Denney, U.S. Dept. of Labor, Washington, D.C., for respondent.

Michael E. Rigney, Jenner & Block, Chicago, Ill., for petitioner.

Before WEIS and STAPLETON, Circuit Judges, and SAROKIN,* District Judge.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The question presented in this petition for review is whether regulations adopted by the Secretary of Labor pursuant to the 1977 amendments of the Black Lung Act should be applied to claims filed before, but adjudicated after, the effective date of the regulations. Taking a different view than the Benefits Review Board, we answer affirmatively and will remand for reevaluation under the current regulations.

Claimant was employed in several coal mines in Pennsylvania between 1922 and 1930. He moved to Chicago in 1930, where he worked in a print shop for the next forty years.

On October 8, 1974, claimant applied for benefits under Part C of the Black Lung Act, 30 U.S.C. §§ 901–945. The claim was denied in 1976. After enactment of the Black Lung Benefits Reform Act of 1977, it was automatically reviewed pursuant to 30 U.S.C. § 945(b)(1). At a hearing in 1983, an ALJ rejected the claimant's contention that the criteria in 20 C.F.R. Part 718 should apply to the evidence. Instead, the ALJ used the more restrictive standards of 20 C.F.R. Part 410 and denied the claim.

When Congress amended the Black Lung Act in 1977, it provided for reconsideration of certain claims that previously had been

---

* The Honorable H. Lee Sarokin, United States District Judge for the District of New Jersey, sitting by designation.

rejected. 30 U.S.C. § 945. Those claims were to be reviewed under standards not more restrictive than those effective in 1973. 30 U.S.C. § 902(f)(2). In addition, the Secretary of Labor was directed to promulgate new regulations establishing criteria for adjudicating black lung claims. 30 U.S.C. § 902(f). Drafting those new regulations took two years, and they did not become effective until 1980. They are now codified at Part 718.

Between enactment of the 1977 black lung amendments and the effective date of revised Part 718, the Secretary used interim regulations—those set out in Part 410.[1] The Benefits Review Board took the position that the interim Part 410 criteria governed claims filed before the effective date of the new Part 718 regulations. *See Muncy v. Wolfe Creek Collieries Coal Co., Inc.*, 3 Black Lung Rep. 1–627 (1981).

Because the claim here was filed before 1980, the ALJ followed *Muncy* and applied the Part 410 regulations. He found the medical evidence insufficient to establish eligibility for benefits, and the Benefits Review Board affirmed.

On petition for review in this court, claimant contends that the ALJ erred in not applying the Part 718 criteria and that, using those standards, we should summarily direct that benefits be granted. The Director concedes that the ALJ erred in applying Part 410 but argues that the appropriate remedy is a remand.

■ The question of the applicable standard has been the subject of a running dispute between the Director and the Benefits Review Board for some years. We first encountered the issue in *Halon v. Director, Office of Workers' Compensation Programs*, 713 F.2d 30 (3d Cir.1982), *reaff'd on petition for reh'g*, 713 F.2d 21 (3d Cir.1983). There, we concluded that Part 718 regulations should have been used for a claim filed before 1980 and granted the petition for review. That decision binds this panel.

In the case before us, claimant urged the ALJ to follow *Halon*. He declined to do so absent a concession by the Director. Moreover, the ALJ noted that it had not been shown that "*Halon* represents the prevailing law in the Seventh Circuit," where claimant lives and the administrative hearing was held.

The ALJ overlooked the provision of the governing statute authorizing review of an adverse order of the Benefits Review Board "in the United States court of appeals for the circuit in which the injury occurred." 33 U.S.C. § 921(c). Because the alleged injury occurred in Pennsylvania, the ALJ should have followed the law of this circuit rather than what he believed to be the law in the Seventh Circuit. More understandably perhaps, the ALJ did not anticipate that the Court of Appeals for the Seventh Circuit would agree with our holding that Part 718 controls when a claim is adjudicated after the effective date of the new regulations, even if filed before their effective date. *See Strike v. Director, Office of Workers' Compensation Programs*, 817 F.2d 395, 406 n. 9 (7th Cir.1987). Thus, under both courts' precedents, the ALJ employed an incorrect standard.

We find no statutory inconsistency in applying Part 718 regulations to claims filed before the effective dates of the regulations and the 1977 black lung amendments. The statute provides that "[c]riteria applied by the Secretary of Labor in the case of ... (C) any claim filed ... before the effective date of [the new] regulations ... shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973, whether or not the final disposition of any such claim occurs after the date of such promulgation of regulations by the Secretary of Labor." 30 U.S.C. § 902(f)(2). The Part 718 regulations are not more restrictive and consequently meet the statutory terms.

■ Having concluded that the ALJ and the Board applied the wrong regulations, we must meet the claimant's contention

---

1. That result was achieved by a process of incorporation. The Secretary enacted interim regulations, 20 C.F.R. Part 727. They in turn referred to Part 718 "as amended from time to time." In 1978, Part 718 merely incorporated by reference Part 410 regulations. The new Part 718 became effective March 31, 1980.

that we should direct the grant of benefits. We decline to do so. What remains in this case is the making of critical fact determinations through an evaluation of conflicting medical evidence under the Part 718 criteria. As we said in *Bernardo v. Director, Office of Workers Compensation Programs*, 790 F.2d 351, 353 (3d Cir.1986), "[t]he evaluation of the medical evidence is a task that Congress allocated to the administrators in the first instance." The ALJ should first have the opportunity to consider the evidence, make his ruling, and state his reasons. The Board may then consider the matter if the aggrieved party wishes to appeal.

The case here is not one where the record is so clear that under the correct standard the result is foreordained. The analysis the ALJ followed did not include examination of certain factors that will become relevant under the Part 718 inquiry. This reexamination will require a weighing of the evidence, and that should be done in the administrative process. We intimate no views on the outcome of that proceeding.

Accordingly, the petition for review will be granted and the case returned to the Board for remand to an ALJ for further proceedings.