**Onfrey SULYMA, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, as Designee for Secretary of Labor, Respondent.**

No. 87–3024.

United States Court of Appeals,
Third Circuit.

Argued Aug. 3, 1987.

Decided Sept. 1, 1987.

Maureen Hogan Krueger, Meadowbrook, Pa., for petitioner.

George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel for Appellate Litigation, Karen Lynne Baker (argued), Atty., Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before SEITZ, MANSMANN and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Onfrey Sulyma petitions this court for review of a decision of the Benefits Review Board (BRB) dated November 14, 1986 denying him benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945. (Hereinafter, the "Act"). We have jurisdiction under 30 U.S.C. § 932(a) and 33 U.S.C. § 921(c).

The parties by narrowing their differences on this appeal have left the very limited question of whether the medical evidence in the record is sufficient under 20 C.F.R. § 410.490(c) to rebut the presumption of total disability due to pneumoconiosis to which Sulyma is entitled under 20 C.F.R. § 410.490(b). Respondent, the Director, Office of Workers' Compensation Programs, urges that a remand is required because this question was not decided in the administrative proceedings and there is conflicting evidence in the record with respect to it. Sulyma contends that the evidence is insufficient to find that the presumption has been rebutted and thus he is entitled to an award of benefits without a remand. We agree with Sulyma and accordingly set aside the order of the Benefits Review Board without the remand for the purpose asked by the Director.

This case has a protracted history. Sulyma initially filed for black lung benefits on June 28, 1973 and filed additional applications for benefits on March 20, 1978 and February 11, 1981. Following the denial of his last application by the Department of Labor, Sulyma requested a formal hearing before an administrative law judge (ALJ) which was held on March 20, 1984.

The ALJ found that Sulyma's claims were properly raised and appealed under the Act and regulations including 20 C.F.R. Part 410. The facts before the ALJ revealed that Sulyma, who was 71 years old, had worked in and around coal mines in the extraction or preparation of coal for 8.15 years. Because the ALJ found Sulyma had worked less than 10 years in coal mine employment, he was not entitled to the interim presumption of total disability under 20 C.F.R. § 727.203. Therefore, the ALJ examined the medical evidence to determine if Sulyma had proven he had pneumoconiosis, whether it was totally disabling, and if it arose out of his coal mine employment. *See* 20 C.F.R. Part 410, Subpart D.

The ALJ found, as the parties stipulated, that Sulyma established the existence of pneumoconiosis as X-rays taken on August 24, 1973, September 5, 1978 and March 19, 1981 all revealed he suffered from the disease. However, the ALJ decided that Sulyma did not prove he was totally disabled from his condition nor did he prove that his disease arose out of his coal mine employment. In reaching his conclusions, the ALJ considered the medical opinions of Dr. Norman M. Wall and Dr. Soli F. Tavaria. Wall examined Sulyma on April 10, 1979 and administered ventilatory tests and arterial blood gas tests. He found the blood gases normal and concluded that Sulyma suffered from "marked obesity" and was not disabled on the basis of coal workers' pneumoconiosis. Tavaria examined Sulyma on March 11, 1981. He administered X-rays and made pulmonary function studies which he found positive for pneumoconiosis. Tavaria concluded that Sulyma was totally and completely disabled due to black lung disease.

The ALJ discounted Tavaria's opinion because it was based in part on Sulyma's employment for 15 years in a local school district where he shoveled coal as part of his job. The ALJ stated that Sulyma's own testimony indicated that only two years of his custodial work for the school district involved shoveling coal and even then the coal was watered down to eliminate any dust. Thus, the ALJ found Tavaria's opinion was "based on a totally unrealistic coal mine employment history." The ALJ accepted Wall's findings and concluded that the evidence was insufficient to establish that Sulyma's pneumoconiosis arose out of his employment in the nation's coal mines under 20 C.F.R. § 410.416(b). Thus, the ALJ denied benefits.

On appeal to the BRB, Sulyma argued that the ALJ should have invoked the interim presumption of total disability due to pneumoconiosis set forth at 20 C.F.R. § 410.490(b) as required by our decision in *Halon v. Director, Office of Workers' Compensation Programs*, 713 F.2d 30 (3d Cir.1982), *reaff'd on petition for rehearing*, 713 F.2d 21 (3d Cir.1983). The BRB agreed that *Halon* required the ALJ to apply 20 C.F.R § 410.490(b). That regulation provides in relevant part:

(b) *Interim presumption.* With respect to a miner who files a claim for benefits before July 1, 1973, and with respect to a survivor of a miner who dies before January 1, 1974, when such survivor timely files a claim for benefits, such miner will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of his death, or his death will be presumed to be due to pneumoconiosis, as the case may be, if:

(1) One of the following medical requirements is met:

(i) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see § 410.428);

.  .  .  .  .

(2) The impairment established in accordance with paragraph (b)(1) of this section arose out of coal mine employment (see §§ 410.416 and 410.456).

Nevertheless, the BRB found that the ALJ's failure to apply this presumption was harmless error inasmuch as the BRB upheld his finding of no causal connection under 20 C.F.R. § 410.416(b). Thus, the BRB affirmed the ALJ's denial of benefits.

On appeal to this court, Sulyma argues that the ALJ and BRB erred in not applying the interim presumption of total disability under 20 C.F.R. § 410.490(b) as mandated by *Halon, supra*, and by finding no causal connection between the existence of pneumoconiosis and his coal mine employment. The Director in his brief admitted that Sulyma established that his pneumoconiosis arose out of his coal mine employment. Nevertheless, he contended that Sulyma was still not entitled to benefits because his claim should have been adjudicated under 20 C.F.R. Part 718 and Sulyma had failed to establish he was totally disabled by pneumoconiosis pursuant to 20 C.F.R. § 718.204. However, immediately before the argument in this court the Director filed a motion in which he conceded that Sulyma has established that the medical evidence was sufficient to entitle him to the 20 C.F.R. § 410.490(b) presumption of

total disability. His motion, however, sought a remand to determine if the evidence showed the presumption had been rebutted under 20 C.F.R. § 410.490(c) which provides:

(c) *Rebuttal of presumption.* The presumption in paragraph (b) of this section may be rebutted if:

(1) There is evidence that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see § 410.412(a)(1)), or

(2) Other evidence, including physical performance tests (where such tests are available and their administration is not contraindicated), establish that the individual is able to do his usual coal mine work or comparable and gainful work (see § 410.412(a)(1)).

The Director claimed that the record "contains conflicting evidence on the issue of petitioner's total disability." At oral argument before us, the Director clarified his motion by indicating that the remand was sought solely for interpretation of the medical evidence already in the record rather than for supplementation of the record.

The only evidence in the record which could conceivably support the Director's motion is Wall's opinion. However, this opinion is totally devoid of any reference as to whether or not Sulyma could perform "his usual coal mine work or comparable and gainful work." 20 C.F.R. § 410.-490(c)(2). Indeed, the record establishes that Sulyma has not been gainfully employed for about ten years. Further, Wall's report made no reference to the previous X-rays which showed the existence of pneumoconiosis.

In view of the absence of rebuttal evidence to satisfy 20 C.F.R. § 410.490(c) and in consideration of the age of this matter, we are convinced that the case should not be remanded for consideration of whether the interim presumption has been rebutted. We are confident that our own review of the record has been sufficient in this matter so that further administrative review is unwarranted. Accordingly, we will remand the case solely so that benefits may be awarded to Sulyma from the appropriate commencement date. Because of the long delays which have occurred so far, we strongly encourage the BRB to expedite this matter so that benefits will commence shortly. Thus, we will set aside the order of the BRB of November 14, 1986 and will remand the matter to it for further proceedings not inconsistent with this opinion.