833 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perl DELPH, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3964.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1987.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and McRAE, District Judge.*
 PER CURIAM.
 
 
 1
 This matter is before the court on petition for review of an order of the Benefits Review Board, United States Department of Labor. This case is before the court on the record and briefs of the parties, oral argument having been waived.
 
 
 2
 The petitioner, a former coal miner, sought benefits under the Black Lung Benefits Act as amended. Following a hearing, the administrative law judge denied the claim for benefits, finding that the petitioner had failed to establish that he was totally disabled due to pneumoconiosis within the meaning of the Act. Petitioner then filed a Petition for Review with the Benefits Review Board, stating his grounds for appeal as follows:
 
 
 3
 The initial decision and decisions of the Administrative Law Judge erred as a matter of substantive law in finding that the Claimant was not entitled to the presumption of 727.203 as there was sufficient evidence in the record of this claim showing that the Claimant was a coal miner under the meaning of the Act and there was sufficient medical evidence in the record showing that the Claimant suffered from pneumoconiosis.
 
 
 4
 In denying the petition for review the Benefits Review Board declined to examine the administrative law judge's findings because it concluded that the petition for review failed to identify specific errors and that petitioner had not sufficiently briefed its allegations respecting the law and evidence. Under these circumstances the Board has held that it has no basis upon which to review a decision.
 
 
 5
 We agree with the Board that the statement in the petition for review is not sufficiently specific to satisfy the Board's requirements. This court has approved the Board's refusal to review findings of an administrative law judge when there is an inadequate petition for review. Cox v. Benefits Review Board, 791 F.2d 445 (6th Cir.1986). However, in this case, counsel for petitioner also filed a brief in which he relied specifically on Halon v. Director, OWCP, 713 F.2d 30 (3d Cir.1982), in arguing that the administrative law judge erred as a matter of law in not invoking the presumption of 20 C.F.R. Sec. 727.203. Thus, he raised the Halon issue specifically, and the Board addressed it. In its Decision and Order, the Board stated that it will only apply the Halon rationale in the Third and Eighth Circuits and rejected petitioner's argument because this case arose in the Sixth Circuit. In Kyle v. Director, OWCP, 819 F.2d 139, 143 (6th Cir.1987), this court adopted the rationale of Halon and declined to place itself at odds with the Third and Eighth Circuits on the issues decided in Halon.
 
 
 6
 Since the issue of a presumption under Sec. 727.203 was sufficiently raised in the petitioner's brief before the Board, the Board erred in declining to consider the argument based on Halon, which now correctly states the law of the Sixth Circuit.
 
 
 7
 We note also that the petitioner claimed 20 years of coal mine work beginning in 1927 or 1928 and ending in 1948. The petitioner produced social security records that demonstrated approximately six years of coal mine employment between 1937 and 1948. In addition, the petitioner testified that he began working at Mary Helen Coal Company at age 17, in 1928, and that he had no other employment between that time and 1948. The petitioner also produced affidavits that he worked at Mary Helen Coal Company at the times claimed. Both the administrative law judge and the Board credited petitioner only with the years of work verified by social security records and commented on the fact that petitioner had no social security verification for his claim of coal mine work prior to 1937. Since coal mine work prior to 1937 would not have been covered by the Social Security Act, this was clearly error. On remand the Board should evaluate petitioner's uncontradicted testimony concerning coal mine employment prior to 1937 together with the supporting affidavits and place absolutely no reliance on the fact that petitioner was unable to produce nonexistent social security records for that period.
 
 
 8
 The decision of the Board is vacated and the case is remanded for further consideration in light of this court's adoption of Halon and for reevaluation of the length of petitioner's coal mine employment as required by this opinion.
 
 
 
 *
 The Honorable Robert M. McRae, Senior Judge, United States District Court for the Western District of Tennessee, sitting by designation