**BETHENERGY MINES INC.,**
Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent,**

and

**John C. Pauley, Respondent.**

No. 89–3364.

United States Court of Appeals,
Third Circuit.

Argued Nov. 8, 1989.

Decided Dec. 7, 1989.

Rehearing and Rehearing In Banc
Denied Feb. 6, 1990.

John J. Bagnato (argued), Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., for petitioner.

Timothy P. Creany (argued), Blair V. Pawlowski, Pawlowski, Creany & Tulowitzki, Ebensburg, Pa., for respondent John C. Pauley.

Robert P. Davis, Sol. of Labor, Donald S. Shire, Associate Sol., Marta Kusic (argued), Atty., Michael J. Denney, Counsel for Appellate Litigation, U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for respondent Director, Office of Workers' Compensation Programs.

Before MANSMANN and
GREENBERG, Circuit Judges, and
GAWTHROP, District Judge [*].

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter, involving a claim under the Black Lung Benefits Act of 1972, codified at 30 U.S.C. § 901 *et seq.*, is before this court on a petition for review of a decision and order of March 28, 1989, of the Benefits Review Board by Bethenergy Mines Inc., the employer of the respondent John C. Pauley.

The factual and procedural history of the case is as follows. On April 21, 1978, Pauley filed a claim under the Benefits Act with the Office of Workers' Compensation Programs which, after initially approving the claim, notified Bethenergy of its potential liability as the responsible operator. Though Bethenergy controverted the claim, upon further consideration the Office of Workers' Compensation Programs adhered to its position. Bethenergy then requested a formal hearing which was held before an administrative law judge.

In his decision of May 3, 1988, the administrative law judge first analyzed Pauley's claim as a Part C claim under the interim regulations at 20 C.F.R. Part 727 since the claim was filed prior to April 1, 1980, the effective date of the permanent regulations

[*] Honorable Robert S. Gawthrop, III, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

for black lung claims. The judge noted that 20 C.F.R. § 727.203(a) contains a presumption for the benefit of miners with at least ten years coal mine experience that the miner has been totally disabled due to pneumoconiosis caused by his coal mine employment if he adduces medical evidence satisfying any of four requirements principally directed to establishing the presence of pneumoconiosis or a respiratory or pulmonary impairment.[1] Pauley was entitled to the benefit of the presumption because Bethenergy conceded that he suffered from coal workers' pneumoconiosis and stipulated that he had 30 years coal mining experience.

The judge then considered whether Bethenergy had rebutted the presumption as permitted in various methods by 20 C.F.R. § 727.203(b). He first concluded that it had not done so under 20 C.F.R. § 727.203(b)(1) because Pauley had not worked since August 2, 1978, and thus was not doing his usual coal mine work or comparable and gainful work, a showing which if made would have rebutted the presumption. The judge also considered the claim under 20 C.F.R. § 727.203(b)(2) which permits rebuttal if, in light of all relevant evidence, it is established that the miner is able to do his usual coal mine work or comparable and gainful work. The judge did not find rebuttal under that provision because he concluded that Pauley had "several medical problems, including severe arthritis, residual hemiparesis as the result of a stroke, and pulmonary disease." The judge further set forth that "[a]lthough not all of the physicians agree as to the cause or causes of [Pauley's] total disability, the more recent medical evidence, supported by [Pauley's] credible testimony, clearly establishes that [Pauley] is totally disabled from returning to coal mine employment."

The judge next considered 20 C.F.R. § 727.203(b)(3) which provides for rebuttal if the "evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." The judge, citing *Carozza v. United States Steel Corp.*, 727 F.2d 74 (3d Cir.1984), set forth that under this subsection rebuttal could be established only if there was a finding that "pneumoconiosis does not contribute even in part to [a] claimant's total disability." After a thorough weighing of the evidence the judge concluded that Bethenergy "has sustained its burden of establishing that pneumoconiosis is not a contributing factor in [Pauley's] disability" and thus had succeeded in rebutting the presumption in Pauley's favor.[2] This finding is not challenged on this appeal.

The judge indicated, however, citing our opinions in *Halon v. Director, Office of Workers' Compensation Programs*, 713 F.2d 30 (3d Cir.1982), *reinstated on rehearing*, 713 F.2d 21 (3d Cir.1983), that inasmuch as this case arises within the jurisdiction of this court he was required to consider the claim under the regulation at 20 C.F.R. § 410.490. He found that in view of Bethenergy's concession that Pauley suffered from pneumoconiosis arising out of coal mine employment, Pauley was entitled to the presumption of total disability due to pneumoconiosis in that section. He then said that 20 C.F.R. § 410.490 provides only two methods of rebuttal, either that there was evidence that the claimant was doing his usual coal mine work or comparable and gainful work or that evidence establishes that the claimant was able to do his usual coal mine work or comparable and gainful work. 20 C.F.R. § 410.490(c). Bethenergy could not show either type of rebuttal because Pauley had not worked since August 2, 1978, and was, as the judge found, "clearly disabled from performing his usual coal mine work or comparable work as a result of his arthritis and residual hemiparesis." The judge further indi-

---

1. A fifth requirement relates to deceased miners where medical evidence is not available and is not applicable here.

2. The judge also considered the claim under the permanent regulations at Part 718, see *Caprini v. Director, Office of Workers' Compensation*

*Programs*, 824 F.2d 283 (3d Cir.1987), but rejected it as Pauley was not able to show that he was totally disabled due to pneumoconiosis. *See* 20 C.F.R. §§ 718.202, 718.203, 718.204. This finding is not questioned on this appeal.

cated that "[t]here is no evidence that [Pauley] is able to work in light of these conditions" and that, unlike 20 C.F.R. § 727.203(b), 20 C.F.R. § 410.490(c) "does not allow for rebuttal of the presumption by showing that the claimant's total disability is unrelated to his coal mine employment." Thus, Pauley was entitled to benefits.

After a motion for reconsideration by the administrative law judge was denied, Bethenergy appealed to the Benefits Review Board which affirmed in a two paragraph per curiam decision and order of March 28, 1989. The Board, after setting forth a concise history of the matter, held that: "In view of the decision of the United States Supreme Court in [*Pittston Coal Group v. Sebben,* — U.S. ——, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988)], we reject [Bethenergy's] argument that the administrative law judge erred in applying [20 C.F.R.] Section 410.490 herein. Accordingly, the administrative law judge's Decision and Order awarding benefits is affirmed." (Omitting citations). The petition for review, over which we have jurisdiction under 30 U.S.C. § 932(a) and 33 U.S.C. § 921(c), followed.[3]

Disposition of this appeal requires an explication of the relationship between claims under Parts B and C of the Benefits Act.[4] The purpose of the Act is to provide for disability payments to a miner totally disabled at least in part by pneumoconiosis if the disability arose out of coal mine employment. *See Pittston v. Sebben,* 109 S.Ct. at 417; *Mullins Coal Co. v. Director, Office of Workers' Compensation Pro-*

*grams,* 484 U.S. 135, 108 S.Ct. 427, 431, 98 L.Ed.2d 450 (1987); *see also Bonessa v. United Steel Corp.,* 884 F.2d 726, 729 (3d Cir.1989). The program, as originally conceived, provided for a bifurcated system of administration. The Secretary of Health, Education and Welfare was to adjudicate claims pursuant to a temporary program of federally funded benefits under Part B of the Act. 30 U.S.C. § 901(c), 30 U.S.C. § 921, Pub.L. No. 91–173, 83 Stat. 792–98 (1969).[5] *Pittston v. Sebben,* 109 S.Ct. at 417. Congress envisioned, however, that there would be a more permanent program, operating under the auspices of the Secretary of Labor, relying on state workers' compensation programs. In fact, no state programs were approved by the Secretary of Labor and thus Part C has become an exclusively federally run workers' compensation program administered by the Secretary of Labor. Claims filed for living miners prior to July 1, 1973, and by survivors of miners who died prior to January 1, 1974 were Part B claims and those filed on or after those dates are Part C claims.

Eventually Congress became dissatisfied with the operation of the program and thus enacted the Black Lung Benefits Reform Act of 1977, Pub.L. No. 95–239, 92 Stat. 95 (1978), largely codified, as is the Benefits Act itself, in various sections of 30 U.S.C. § 901 *et seq.* The Reform Act substantially altered the black lung regulatory scheme and amended 30 U.S.C. § 902(f) to provide the Secretary of Labor with authority to determine eligibility criteria for Part C claims. *See* 30 U.S.C. § 902(f)(1); *Pittston*

---

**3.** In addition to contending that it had rebutted the presumption in favor of Pauley, Bethenergy urged the Board to reverse the administrative law judge on the authority of *Whiteman v. Boyle Land and Fuel Co.,* 11 Black Lung Rep. 1–99 (Ben. Rev. Bd.1988), which held that application of the Part B interim regulations under 20 C.F.R. § 410.490 to coal mine operators violated the Administrative Procedure Act as the operators had no interest in participating in the rulemaking when the regulations were adopted as at that time the program was federally funded. It had also raised this point on its motion for reconsideration by the administrative law judge. Bethenergy, however, does not press this point on the appeal and we thus regard it as abandoned and do not address it.

**4.** Inasmuch as we are deciding this matter on a legal issue we are exercising plenary review. *Carozza v. United States Steel Corp.,* 727 F.2d at 77.

**5.** The black lung benefits program predated the Black Lung Benefits Act as it was originally enacted as Title IV of the Federal Coal Mine Health and Safety Act of 1969, Pub.L. No. 91–173, 83 Stat. 792–98 (1969). *See Pittston v. Sebben,* 109 S.Ct. at 417; *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 8, 96 S.Ct. 2882, 2889, 49 L.Ed.2d 752 (1976).

*v. Sebben,* 109 S.Ct. at 418. In addition, the Reform Act required the reopening and, in some cases, readjudication of Part B claims previously denied by the Secretary of Health, Education and Welfare. *See* 30 U.S.C. § 945; *Halon v. Director,* 713 F.2d at 22. Furthermore, Part C claims filed or pending before the effective date of the Department of Labor's permanent regulations, April 1, 1980, as well as reopened Part B claims, were to be evaluated in accordance with interim standards promulgated by the Secretary of Labor. *See* 30 U.S.C. § 945.

The Reform Act in its subsection defining "total disability" placed the important restriction on the discretion of the Secretary of Labor in determining eligibility, that the criteria for any claim evaluated by him under 30 U.S.C. § 945 and any claim filed on or before the effective date of the permanent regulations, "shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973. . . ." Inasmuch as the claims filed prior to July 1, 1973 were Part B claims, the effect of the Reform Act was to require a comparison of the Secretary of Labor's interim regulations with the earlier regulations of the Secretary of Health, Education and Welfare when a claim did not meet the criteria for approval under the Department of Labor's standards.

The regulations of the Secretary of Health, Education and Welfare provided two classes of interim presumptions to establish that a miner is totally disabled due to pneumoconiosis. First, a claimant could demonstrate presumptive entitlement by showing that a chest roentgenogram (X-ray), biopsy, or autopsy established the existence of pneumoconiosis and the impairment arose out of coal mine employment. 20 C.F.R. §§ 410.490(b)(1)(i), (b)(2). The proof of causality could be established by the invocation of a further rebuttable presumption for claimants with 10 years of coal mine employment, 20 C.F.R. §§ 410.-416 or 410.456 or, without regard for the length of employment, by direct evidence. 20 C.F.R. § 410.490(b)(2). Alternatively, a claimant with at least ten years of coal mine employment could obtain presumptive entitlement by establishing specified scores on ventilatory tests. 20 C.F.R. §§ 410.-490(b)(1)(ii), (b)(3). *See Pittston v. Sebben,* 109 S.Ct. at 418.[6]

Both presumptions were rebuttable by a showing that the miner was working or could work at his former mine employment or could do comparable and gainful work. 20 C.F.R. § 410.490(c). There were, however, no provisions in 20 C.F.R. § 410.490(c) *expressly* comparable to those in 20 C.F.R. § 727.203(b)(3) and (4) providing for rebuttal if the evidence establishes that the miner's disability did not arise in whole or in part out of coal mine employment, the provision under which the presumption in favor of Pauley was rebutted, or that the miner does not have and did not have pneumoconiosis.

The interplay of the Part 727 and Part 410 regulations gives rise to the issues on this appeal. Bethenergy contends that inasmuch as Pauley was entitled to the presumption of total disability due to pneumoconiosis under 20 C.F.R. § 727.203(a), the administrative law judge should not have considered the case under 20 C.F.R. § 410.490. Thus, in its view, the rebuttal provisions of 20 C.F.R. § 410.490(c) are inapplicable in this case and Pauley's presumption of entitlement remains rebutted under 20 C.F.R. § 727.203(b)(3). It further contends that even if the claim is considered under 20 C.F.R. § 410.490 it was rebutted under that regulation by the finding that Pauley's disability was not a result of his coal mine employment. Alternatively, it argues that if the claim is considered under 20 C.F.R. § 410.490 it nevertheless may be rebutted under 20 C.F.R. § 727.203(b). Finally, it contends that regardless of the application of the presumptions, Pauley cannot recover as the Bene-

---

**6.** The Health, Education and Welfare regulation also provided that if a miner was unable to obtain the benefit of either presumption he could nevertheless establish his requisite disability under the permanent regulations of the Department of Health, Education, and Welfare. 20 C.F.R. § 410.490(e). *See Pittston v. Sebben,* 109 S.Ct. at 417–18. We, however, are not concerned with that provision as Pauley did obtain a presumption of entitlement.

fits Act provides benefits only to miners who are totally disabled due to pneumoconiosis and Pauley is not such a person.

The Director, Office of Workers' Compensation Programs, though indicating that his participation is limited to the legal issues of whether the administrative law judge and the Benefits Review Board properly applied our decision in *Halon v. Director*, 713 F.2d at 21, and the Supreme Court's decision in *Pittston v. Sebben*, 109 S.Ct. at 414, effectively supports Bethenergy's position. The Director argues that neither case requires the application of 20 C.F.R. § 410.490 to Pauley as he was entitled to the interim presumption of total disability due to pneumoconiosis under 20 C.F.R. § 727.203(a) available to miners with ten years of coal mine employment. In this regard the Director points out that a miner with ten years of coal mine employment in general has a broader opportunity for invocation of the presumption of total disability due to pneumoconiosis under 20 C.F.R. § 727.203(a) than under 20 C.F.R. § 410.490(b). The Director regards *Halon v. Director* and *Pittston v. Sebben* as applying solely when 20 C.F.R. § 410.490(b) gives a miner an evidentiary advantage over 20 C.F.R. § 727.203(a), that is when a claimant with fewer than ten years of coal mine employment can establish pneumoconiosis by X-ray, autopsy or biopsy evidence and can demonstrate through other evidence that a causal relationship exists between the pneumoconiosis and the coal mine employment. The Director further contends that in any event even under 20 C.F.R. § 410.490 the party opposing entitlement may produce evidence to establish that the disability did not arise out of coal mine employment. He asserts that a contrary ruling would violate Congressional intent, upset the statutory scheme and be inimical to the employer's due process rights.

Pauley regards this case as controlled by *Halon v. Director* and *Pittston v. Sebben*. He urges that it was the intention of Congress in 30 U.S.C. § 902(f)(2), as construed in those cases, "that a miner should have no more difficulty obtaining an award under Labor's rules than he or she would

have under the Social Security rules." He asserts that this conclusion, if accepted, would preclude application of the rebuttal rules of 20 C.F.R. § 727.203(b) here as they would permit rebuttal even though 20 C.F.R. § 410.490(c) would not as it allows rebuttal only when there is evidence that the miner is doing his usual coal mine work or comparable and gainful work or is able to do so.

At the outset of our discussion of the merits of the case we point out two disturbing circumstances created by the decisions of the administrative law judge and the Board. The first is that it is surely extraordinary that the findings of the administrative law judge, unchallenged on this appeal, that Pauley was totally disabled from returning to coal mining employment from causes unrelated to pneumoconiosis, which established that Bethenergy had, under 20 C.F.R. § 727.203(b)(3), rebutted the presumption of total disability due to pneumoconiosis invoked on Pauley's behalf under 20 C.F.R. § 727.203(a), precluded Bethenergy from rebutting the presumption under 20 C.F.R. § 410.490(c). That the findings had these dual consequences flows from the fact that the only methods of rebuttal which the administrative law judge, affirmed by the Benefits Review Board, recognized under 20 C.F.R. § 410.490(c) were that the miner is doing his usual coal mine work, or its equivalent, or is able to do so. Under the decisions of the administrative law judge and the Board this meant that Pauley both could and could not recover benefits under the Benefits Act, depending upon whether his claim was considered under the Health, Education and Welfare or Labor regulations. We find this to be a disquieting result and are reluctant to reach it. *Cf. Oravitz v. Director, Office of Workers' Compensation Programs*, 843 F.2d 738 (3d Cir.1988) (medical evidence may not be used as the sole evidence under 20 C.F.R. § 727.203(b)(2) to rebut a presumption of total disability due to pneumoconiosis predicated on other medical evidence.)

While the foregoing anomaly might be tolerated, the second disturbing circum-

stance cannot be and it is outcome determinative. The purpose of the Benefits Act is to provide a recovery for a miner totally disabled at least in part by pneumoconiosis if the disability arises out of coal mine employment. 30 U.S.C. § 901(a); *Mullins v. Director*, 108 S.Ct. at 431. The administrative law judge made unchallenged findings with respect to matters legitimately in issue under 20 C.F.R. § 727.203 which established that Pauley's disability did not arise even in part out of coal mine employment. Thus, even though the Benefits Act has a remedial purpose, *see Lukosevicz v. Director, Office of Workers' Compensation Programs*, 888 F.2d 1001, 1006 (3d Cir.1989), it seems perfectly evident that no set of regulations under it may provide that a claimant who is statutorily barred from recovery may nevertheless recover.[7] *See Southeastern Community College v. Davis*, 442 U.S. 397, 411–12, 99 S.Ct. 2361, 2369–70, 60 L.Ed.2d 980 (1979).

We recognize, of course, that sometimes in judicial or administrative proceedings considerations extraneous to the merits of a claim or cause of action or to a defense may preclude a party from establishing its position and thus may permit an outcome not justified by the facts of a case. For example, a party may be precluded from asserting a claim, cause of action, or defense by estoppel, waiver, claim or issue preclusion, procedural default, or the statute of limitations. Furthermore, a party may be barred by evidentiary privileges from establishing the underlying historical facts. But none of these considerations is applicable here as Bethenergy was free to establish its case and it did so. Accordingly, the only way in which we can affirm the Benefits Review Board is to hold that even though Bethenergy should, on the law and facts, have prevailed under the Benefits

Act, by reason of the presumptions and limitations on rebuttal it must be responsible for benefits. We decline to reach such an unjust result.

In any event we conclude that the administrative law judge should not have considered Pauley's claim under 20 C.F.R. § 410.490. There is, of course, no dispute but that the claim was initially properly considered under 20 C.F.R. § 727.203. Reference was made to the Health, Education and Welfare standards by the administrative law judge because of our construction of 30 U.S.C. § 902(f)(2) in *Halon v. Director*. But *Halon v. Director* was concerned with a claim for survivor's benefits in which the claimant produced X-ray and autopsy evidence that he had pneumoconiosis but was denied the benefit of the presumption in 20 C.F.R. § 727.203(a) because he had only eight years of coal mine employment. 713 F.2d at 23. We held that the limitation of the Labor presumption to long-term miners contravened 30 U.S.C. § 902(f)(2) because no such limitation exists under 20 C.F.R. § 410.490(b)(1)(i) which provides that any miner producing medical evidence satisfying the eligibility criteria is entitled to the presumption. 713 F.2d 31.

On rehearing we rejected the Director's argument that Congress in 30 U.S.C. § 902(f)(2) only intended to limit the Secretary of Labor's discretion in formulating medical eligibility criteria for its interim standards:

> [The Director] urge[s] that 30 U.S.C. § 902(f)(2) should be understood as if it read:
>
> > *Medical* criteria applied by the Secretary of Labor in case of [adjudications pursuant to 30 U.S.C. § 945] shall not be more restrictive than the *medical*

---

7. We point out that when Congress wants to make a presumption irrebuttable so as to establish entitlement it knows how to do so. An irrebuttable presumption of total disability arises under 30 U.S.C. § 921(c)(3) if the evidence shows that the miner has a complicated case of coal miner's pneumoconiosis as defined in the subsection. In that event a miner may receive benefits even if there is other evidence that the miner can do his usual coal mine work or other comparable and gainful work. *See*

*Usery v. Turner Elkhorn*, 428 U.S. at 10–11, 96 S.Ct. at 2890. There is, however, no indication, that Congress had any intention to make the presumption invoked here on behalf of Pauley paramount over a showing by Bethenergy that Pauley did not qualify for benefits under the Benefits Act. We also observe that our result eliminates possible due process problems raised by the Director. *See id.* at 34–37, 96 S.Ct. at 2901–03.

criteria applicable to a claim filed on June 30, 1973 ...

This reading obviously would permit the application of 20 C.F.R. § 727.203, and thereby deny claimants who establish less than ten years of coal mine employment the benefit of the rebuttable presumption of the cause of disability. The plain language of the statute does not suggest that Congress intended any such modification of the generic term, 'criteria.'

713 F.2d at 24 (emphasis in original) (citations omitted).

Accordingly, we concluded that the word "criteria" in 30 U.S.C. § 902(f)(2) refers to adjudicatory as well as medical eligibility criteria. Therefore, we remanded the case for consideration under the Health, Education and Welfare standards. Thus, it is evident, that *Halon v. Director* was concerned with the invocation of the presumption of total disability due to pneumoconiosis and not with its rebuttal and is not support for the result reached by the administrative law judge or the Board.

We recognize that, in the time between the adjudications by the administrative law judge and the Benefits Review Board, *Pittston v. Sebben,* on which the Board relied, was decided. In *Pittston* the Supreme Court agreed with *Halon v. Director* that the presumption at 20 C.F.R. § 727.203(a), insofar as it requires miners to establish at least ten years of coal mine employment before they can invoke the presumption of total disability from pneumoconiosis through X-ray, autopsy or biopsy evidence, conflicts with 30 U.S.C. § 902(f)(2). 109 S.Ct. at 420. The Court, however, acknowledged that there might be merit in the argument advanced by the Secretary of Labor that criteria within 30 U.S.C. § 902(f)(2) means total disability criteria, even though that would include more than medical criteria. 109 S.Ct. at 420. But the Court held that even if criteria was limited to total disability criteria, 20 C.F.R. § 727.203(a), by its prerequisite of ten years coal mine employment for invocation of the presumption, necessarily increases the requirements for the presumption of total disability and thus applies more restrictive total disability criteria than those in 20 C.F.R. § 410.490. 109 S.Ct. at 420.

Nevertheless, the Court was clearly not dealing with the rebuttal provisions for it indicated that:

Finally, the Secretary focuses on the interim Labor regulation's additional rebuttal provisions, which permit the introduction of evidence disputing both the presence of pneumoconiosis and the connection between total disability and coal mine employment. Respondents have conceded the validity of these provisions, even though they permit rebuttal of more elements of statutory entitlement than did the interim HEW regulation. The Secretary argues that there is no basis for drawing a line that permits alteration of the rebuttal provisions, but not the affirmative factors addressed by the Secretary. That may or may not be so, but it does not affect our determination regarding the affirmative factors, for which it seems to us the statutory requirements are clear. Respondents' concession on the rebuttal provisions means that we are not required to decide the question of their validity, not that we must reconcile their putative validity with our decision today.

109 S.Ct. at 422–23.

Accordingly, *Pittston v. Sebben* is no more controlling on the issues now before us than is *Halon v. Director.*

In fact, the positioning in 30 U.S.C. § 902(f), which deals with "total disability", of the requirement that the criteria applied by the Secretary of Labor be not more restrictive than the criteria applicable to a claim filed on June 30, 1973, indicates that the rebuttal criteria are not limited by 30 U.S.C. § 902(f)(2). We think that if Congress had intended "criteria" under 30 U.S.C. § 902(f)(2) to include rebuttal criteria or criteria relating to matters other than those dealing with "total disability" it would have said so directly rather than dealing with the matter diffidently in the section. Therefore, the administrative law judge should not have applied 20 C.F.R.

§ 410.490 and Pauley was barred from recovery by 20 C.F.R. § 727.203(b)(3).

We also point out that even if we applied the rebuttal provisions of 20 C.F.R. § 410.490(c), our result would not be changed as both (c)(1) and (c)(2) make reference to 20 C.F.R. § 410.412(a)(1) which refers to a miner being "totally disabled due to pneumoconiosis." While the Director in his brief indicates that there is no case law indicating how the rebuttal provisions of 20 C.F.R. § 410.490 were applied by the Department of Health, Education and Welfare, we cannot understand why the reference was made to 20 C.F.R. § 410.412(a)(1) unless it was the intention of the Secretary to permit rebuttal by a showing that the claimant's disability did not arise at least in part from coal mine employment. *See Solomons, A Critical Analysis of the Legislative History Surrounding the Black Lung Interim Presumption and a Survey of its Unresolved Issues,* 83 W.Va.L.Rev. 869, 880 (1981).[8] Additionally, as we have already noted, such a construction is surely required to carry out the purpose of the Benefits Act.

In reaching our conclusion we have not overlooked *Sulyma v. Director, Office of Workers' Compensation Programs,* 827 F.2d 922 (3d Cir.1987), cited by the administrative law judge, for the proposition that 20 C.F.R. § 410.490(c) "does not allow for rebuttal of the presumption by showing that the claimant's total disability is unrelated to his coal mine employment." To start with he should not have decided this matter under 20 C.F.R. § 410.490, the regulations involved in *Sulyma v. Director.* Furthermore he misconstrued our opinion. In that case the parties by stipulation and concessions limited the appeal so that the only issue before us was whether the medical evidence in the record was sufficient under 20 C.F.R. § 410.490(c)(2) to rebut the presumption of total disability due to pneu-

moconoisis to which the miner was agreed to be entitled under 20 C.F.R. § 410.490(b). We only held that it was not as there was no evidence that the miner, who had not been gainfully employed for about ten years, could perform his usual coal mine work or comparable and gainful work and thus was not disabled. This conclusion was easily reached as one report indicated that the miner was completely disabled due to black lung disease and the other, though disputing that conclusion, was devoid of any reference as to whether or not the miner could perform his usual coal mine work or comparable and gainful work. Thus, we concluded that there was an "absence of rebuttal evidence to satisfy 20 C.F.R. § 410.490(c)." Accordingly, in our very narrow opinion we had no occasion to deal with the interplay between the rebuttal provisions of 20 C.F.R. § 727.203(b) and 20 C.F.R. § 410.490(c).

In any event, contrary to the view of the administrative law judge, we did not hold in *Sulyma v. Director* that 20 C.F.R. § 410.490(c) does not allow for rebuttal of the presumption of total disability due to pneumoconoisis by a showing that the claimant's total disability was unrelated to his coal mine employment. That issue was just not presented to us and we decided the case on the basis framed by the parties. We certainly will not interpolate from *Sulyma* and speculate on what we might have held if different questions had been presented. The fact is that the administrative law judge construed the case to have a meaning far beyond our holding.

We are aware that there is an apparent conflict between other circuits as to issues similar to those before us. *Compare Youghiogheny and Ohio Coal Company v. Milliken,* 866 F.2d 195 (6th Cir.1989), *with Taylor v. Peabody Coal Co.,* 892 F.2d 503 (7th Cir. Aug. 28, 1989). The facts in

---

8. In his brief Pauley, without citation of authority, sets forth that "[t]he Social Security Administration has uniformly applied [20 C.F.R. § 410.490] so that the presumption is irrebuttable." While this representation may not be consistent with that of the Director, even if we accepted it our result would not be changed as we do not agree that the presumption is irre-

buttable if the disability does not arise even in part out of coal mine employment. We, of course, need not defer to an agency's interpretation of its regulations if it is plainly erroneous or inconsistent with the regulation. *Bonessa v. United States Steel Corp.,* 884 F.2d at 732. Furthermore, our construction of 20 C.F.R. § 410.490(c) is an alternate basis for our result.

those cases were, of course, somewhat different than those here. But we will not, however, attempt to harmonize those cases as the result we reach seems inexorable on the facts of this case.

In view of the aforesaid we will grant Bethenergy's petition for review and will set aside the order of the Benefits Review Board of March 28, 1989, and will remand the case for entry of an order denying benefits.