941 F.2d 1207
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bertha OILER, as personal representative and dependent widow
of Glendon R. Oiler, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-1726.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1991.
Decided Sept. 4, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-2837-BLA)
 Michael James Philippi, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for petitioner.
 Eileen Mary McCarthy, United States Department of Labor, Washington, D.C. (Argued), for respondent; Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Barbara J. Johnson, Counsel for Appellate Litigation, Paul L. Frieden, Office of the Solicitor, United States Department of Labor, Washington, D.C., on brief.
 Ben.Rev.Bd.
 REVERSED AND REMANDED.
 Before WIDENER and SPROUSE, Circuit Judges, and JAMES B. McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Bertha Oiler, widow of Glendon R. Oiler, appeals the decision of the Benefits Review Board of the Department of Labor ("DOL") affirming the decision of an Administrative Law Judge ("ALJ") denying benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. (the Black Lung Benefits Act). We reverse and remand.
 
 
 2
 * Glendon R. Oiler filed his original claim for benefits with the DOL on August 16, 1973. DOL sent Oiler a letter on November 24, 1975, requesting the submission of supplemental evidence of pneumoconiosis but Oiler failed to respond. In July, 1980, DOL issued a formal letter denying benefits that failed to specify Oiler's name, address, or social security number.
 
 
 3
 Oiler filed a second claim on June 20, 1983, which was administratively denied on September 23, 1983. After a requested hearing, the ALJ issued an order denying benefits on August 31, 1987. He made an initial finding that Oiler had a coal mine employment history of slightly over ten years. Finding the relevant benefits claim was filed after March 30, 1980, the ALJ applied the stringent standards of 20 C.F.R. Part 718. In denying benefits, he noted while one of three examining physicians and two of eight x-ray readers issued positive findings, none of the four ventilatory studies or two blood-gas tests indicated total disability due to pneumoconiosis. The ALJ further discounted the opinion of the one physician out of three that examined Oiler, who found pneumoconiosis. The ALJ based his rejection on the physician's failure to specify the severity of impairment.
 
 
 4
 In affirming the ALJ's decision, the Benefits Review Board concluded that he had properly found that the claimant's first claim for benefits had been finally denied and thus merger of the 1983 claim with the 1973 claim was properly rejected. It thus found adjudication under Part 718 proper. The Board also concluded the ALJ's finding of no total disability was supported by substantial evidence. Mr. Oiler died on February 16, 1990. Oiler's widow now appeals the Board's affirmance of the ALJ's decision. On appeal she argues that the regulations contained in Part 727 should have been applied and that the medical evidence establishes that her husband had suffered from total disability due to pneumoconiosis.
 
 II
 
 5
 The Director of the Office of Workers' Compensation Programs ("Director") concedes that both the ALJ and the Board were in error in applying the Part 718 regulations, applicable to claims filed after March 31, 1980, rather than the Part 727 regulations, governing claims filed between July 1, 1973, and April 1, 1980. It admits that the evidence supporting the mailing of the July 10, 1980 denial letter is insufficient to satisfy the notice requirements of 20 C.F.R. § 725.410(c). Therefore, Oiler's initial claim remained viable at the time the second claim was filed in 1983. The consequent merger of the claims mandates application of the Part 727 regulations applicable to the initial claim. See 20 C.F.R. § 725.309(c).
 
 
 6
 Turning to the merits of the claim, a miner is entitled to disability benefits if "(a) he or she is totally disabled, (b) the disability was caused, at least in part, by pneumoconiosis, and (c) the disability arose out of coal mine employment." Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 141 (1987). Under 20 C.F.R. § 727.203(a), all three of these conditions are presumed if a miner engaged in coal mine employment for at least ten years and meets one of enumerated medical requirements. 20 C.F.R. § 727.203 provides:
 
 
 7
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 
 
 8
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis ...
 
 
 9
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in § 410.412(a)(2) of this title) as demonstrated by values which are equal to or less than the values specified in the following table (table omitted).
 
 
 10
 (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood as indicated by values which are equal to or less than the values specified in the following table (table omitted).
 
 
 11
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 12
 (5) In the case of a deceased miner where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 13
 It is undisputed that Oiler had sufficient history of coal mine employment to satisfy the length of employment requirement of the interim presumption. Two of the alternative § 727.203(a) requirements are relevant to the case sub judice: a chest x-ray, biopsy or autopsy which establishes the existence of pneumoconiosis, 20 C.F.R. § 727.203(a)(1), and other medical evidence consisting of the reports of physicians. 20 C.F.R. § 727.203(a)(4). If the claimant has met the requirements of either of these subsections by a preponderance of the evidence, she is accorded a presumption that her deceased husband was totally disabled due to pneumoconiosis.
 
 
 14
 The x-ray evidence submitted in this case consists of eleven readings of eight chest x-rays performed on Oiler. All but three of the readings were performed by "B" readers.[1] At least two of the five xrays which were read positive for pneumoconiosis[2] were initially read positive by "B" readers with two subsequently reread as negative by the Director's readers.[3] While Oiler's two x-rays taken prior to July 1980 were read negative for pneumoconiosis, only the first of five xrays taken after 1982 was initially read negative by a "B" reader. The most recent x-ray was read positive by the Director's reader and went unchallenged. Oiler urges that the different readings, taken as whole, merely illustrate the degenerative nature of pneumoconiosis. See Mullins, 484 U.S. at 151-52. Were we factfinders, we would be easily persuaded to that view and would find that although there is some conflict in the x-ray evidence, pneumoconiosis has been established by a preponderance of the evidence. See Kowalchick v. Director, OWCP, 893 F.2d 615, 621 (3d Cir.1990). We think also that the x-ray evidence is buttressed by the report of Dr. Hessl, which indicated that Oiler was unable to walk far, to climb stairs, or to lift five pounds, thus indicative of total disability due to respiratory impairment.
 
 
 15
 In view of the fact, however, that neither the ALJ nor the Board has properly considered Oiler's claim under the presumption provisions of 20 C.F.R. § 727.203(a), we feel that the initial consideration of the evidence to establish the existence of the presumption of total disability due to pneumoconiosis, vel non, must rest with the ALJ. This claim has been pending now for eighteen years and we are reluctant, but feel compelled, to remand particularly since the recent Supreme Court decision in Pauley v. BethEnergy Mines, Inc., 59 U.S.L.W. 4778 (June 24, 1991), has completely changed in this circuit the way an initial determination of the establishment of rebuttal pursuant to the provisions of 20 C.F.R. § 727.203(b) should be made.
 
 
 16
 In view of the above, the decision of the Benefits Review Board is reversed and remanded with instructions for further remand to the Administrative Law Judge for findings under criteria consistent with the views expressed in this opinion.
 
 REVERSED AND REMANDED WITH INSTRUCTIONS
 
 17
 JAMES B. McMILLAN, Senior District Judge, dissenting:
 
 
 18
 As a trial judge who routinely hopes that his findings of fact will be granted appropriate deference by the court of appeals, I am grateful for the court's hesitancy to find facts. See per curiam opinion at 6. Were this an ordinary case of ordinary age, I would agree with the court's decision to remand the case to the Administrative Law Judge for findings under the appropriate criteria.
 
 
 19
 However, this is not an ordinary case of ordinary age. In the face of overwhelming evidence of total disability from pneumoconiosis (indeed, the plaintiff's husband actually died of pneumoconiosis in 1990), the plaintiff has been wrongfully denied benefits for the past eighteen years!
 
 
 20
 In a case similar to this one, albeit four years younger, the United States Court of Appeals for the Third Circuit held:
 
 
 21
 In view of the absence of rebuttal evidence to satisfy 20 C.F.R. § 410.490(c) and in consideration of the age of this matter, we are convinced that the case should not be remanded for consideration of whether the interim presumption has been rebutted. We are confident that our own review of the record has been sufficient in this matter so that further administrative review is unwarranted. Accordingly, we will remand the case solely so that benefits may be awarded to Sulyma from the appropriate commencement date.
 
 
 22
 Sulyma v. Director, OWCP, 827 F.2d 922 (3d Cir.1987).
 
 
 23
 Because I believe that this eighteen-year-old case should be remanded "solely so that benefits may be awarded to [Oiler] from the appropriate commencement date," and that Pauley v. BethEnergy Mines, 59 U.S.L.W. 4778 (June 24, 1991), does not require a different result, I respectfully dissent.
 
 
 
 [1]
 "B" readers are physicians with a recognized proficiency in interpreting chest x-rays for pneumoconiosis
 
 
 [2]
 The parties disagree as to whether two positively read x-rays formed part of the record
 
 
 [3]
 Section 413(b) of the Black Lung Benefits Act, 30 U.S.C. § 923(b), prohibits the Director from having x-rays previously read positive by a boardcertified radiologist, absent any evidence of fraud, reread except for purposes of determining quality if there is other evidence in the record of a "significant and measurable" level of respiratory impairment. See Starchevich v. Director, OWCP, 873 F.2d 197, 198 (8th Cir.1989). We find that the record contains sufficient additional evidence of a significant respiratory impairment to prohibit rereading of positive x-rays. Dr. Hessl concluded that Oiler suffers from "AMA Classification IV Cardio Respiratory Impairment." While the ALJ found Dr. Hessl's report insufficient for purposes of proving total disability due to its lack of a "reasoned opinion" concerning severity of the condition, he did note his finding of pneumoconiosis--a disease which necessarily entails respiratory impairment. See 20 C.F.R. § 727.202 (defining pneumoconiosis as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment ...") The report also indicated that Oiler was unable to walk distances, climb stairs or lift five pounds