**DRUMMOND COAL COMPANY,**
Petitioner,

v.

**Frank P. FREEMAN and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 92–6425.

United States Court of Appeals,
Eleventh Circuit.

March 30, 1994.

H. Thomas Wells, Jr., J. Alan Truitt, Birmingham, AL, for petitioner.

Roscoe C. Bryant, III, U.S. Dept. of Labor, Washington, DC, for respondents.

George Longshore, Birmingham, AL, for FPF.

Before DUBINA, Circuit Judge, CLARK and ESCHBACH *, Senior Circuit Judges.

CLARK, Senior Circuit Judge:

Drummond Coal Company petitions for review of the Benefits Review Board's (the "Board") decision affirming the Administrative Law Judge's (the "ALJ") order awarding benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

amended, 30 U.S.C. § 901 *et seq.*, to Frank P. Freeman, a former employee of the company.[1] This is the second time this case has been before this court. In our previous decision,[2] we vacated the Board's earlier award of benefits and remanded the case for further proceedings. On remand, the ALJ issued an order denying benefits ("first remand order"), which was vacated by the Board, and then issued an order awarding benefits ("second remand order"), which was affirmed by the Board; this appeal followed. We hold that the Board erred in vacating the ALJ's first remand order denying benefits and further erred in limiting the ALJ's consideration of the evidence on the second remand. Accordingly, we vacate the Board's decision affirming the ALJ's second remand order awarding benefits, and we remand for reinstatement of the ALJ's first remand order denying benefits.

## I.

■ A miner is entitled to disability benefits if (a) the miner is totally disabled, (b) the disability was caused, at least in part, by pneumoconiosis,[3] and (c) the disability arose out of coal mine employment. A miner is entitled to an "interim presumption" that each of these three conditions are met if the miner can satisfy one of four medical requirements set out in the numbered paragraphs of 20 C.F.R. § 727.203(a): (1) a chest X ray establishes the existence of pneumoconiosis; (2) ventilatory studies establish the presence of a chronic respiratory or pulmonary disease of a specified severity; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment.[4] None of these four alternative methods of invoking the presumption requires proof of causation; that is, a miner may be entitled to the presumption of eligibility even if there is no evidence that the impairment was caused by exposure to coal dust.[5]

■ To rebut the interim presumption, the employer has the burden of proving that at least one of the three conditions of eligibility is not satisfied. Specifically, § 727.203(b) provides that the presumption shall be rebutted if the evidence establishes that (1) the miner is, in fact, doing his usual or comparable work; (2) the miner is capable of doing his usual or comparable work; (3) the total disability did not arise in whole or in part out of coal mine employment; or (4) the miner does not have pneumoconiosis.[6] Thus, while proof of causation is not necessary to invoke the interim presumption, proof of lack of causation will rebut this presumption.

## II.

The invocation of the interim presumption is not at issue in this case. Drummond did not contest the propriety of the invocation of the presumption even on the first appeal to this court. At issue in this case is Drummond's rebuttal of the presumption. Drummond argues that it produced sufficient evidence to prove lack of causation and, therefore, to rebut the presumption pursuant to

1. Because Freeman filed his claim for benefits in 1977, this case is governed by the Secretary of Labor's "interim regulations," found at 20 C.F.R. pt. 727 (1993). *Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* 484 U.S. 135, 137–38, 108 S.Ct. 427, 429, 98 L.Ed.2d 450 (1987).

2. *Drummond Coal Co. v. Freeman,* 733 F.2d 1523 (11th Cir.1984) (hereinafter *Drummond I*). The background facts of this case as well as the evidence presented at the hearing before the ALJ are set out in *Drummond I*. The procedural history of the case, including the proceedings subsequent to *Drummond I*, is set out in part II of this opinion.

3. Pneumoconiosis, also known as black lung, is defined in the applicable regulations as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 20 C.F.R. § 727.202 (1993).

4. 20 C.F.R. § 727.203(a)(1)–(4). There is a fifth alternative, but it is available only if the miner is deceased. 20 C.F.R. § 727.203(a)(5).

5. *Mullins Coal,* 484 U.S. at 141–43, 108 S.Ct. at 431–32.

6. 20 C.F.R. § 727.203(b)(1)–(4).

§ 727.203(b)(3). We agree. Thus, we find it unnecessary to determine whether Drummond also produced sufficient evidence to rebut the presumption pursuant to any other subsection of § 727.203(b).

Unfortunately, this case has had a long and tortuous history. The ALJ's first order in this case ("initial order"), which was the subject of review in our previous decision, was an award of benefits. In that order, the ALJ concluded that Freeman had produced sufficient evidence to invoke the interim presumption pursuant to § 727.203(a)(1) (X rays), (a)(2) (ventilatory studies), and (a)(4) (other medical evidence). In applying § 727.203(a)(4), which provides for invocation of the presumption if "[o]ther medical evidence ... establishes the presence of a totally disabling respiratory or pulmonary impairment," the ALJ credited the opinions of Drs. Calix, Clemmons, Hamilton, and Gonzalez over the contrary opinion of Dr. Branscomb, who felt that Freeman's respiratory problem was mild. As noted above, a miner need not offer any evidence of causation to invoke the interim presumption; thus, it was unnecessary for the ALJ to make any finding as to causation in deciding to invoke the presumption.[7] After invoking the presumption, the ALJ then addressed Drummond's attempted rebuttal. In determining that Drummond had not met its burden of proving lack of causation under § 727.203(b)(3), the ALJ did *not* weigh the medical evidence as to causation. Rather, the ALJ concluded that Drummond's evidence of lack of causation, specifically, the opinion of Dr. Branscomb, would not be considered:

> Although [Drummond] attempted to elicit convincing evidence from Dr. Branscomb that [Freeman's] respiratory difficulties were due to cigarette smoking and not to pneumoconiosis, I do not feel that this particular medical documentation has sufficiently satisfied the requirements set forth in *Blevins v. Peabody Coal Co.*, 9 BRBS 510, BRB No. 78–406 BLA, (December

1978), for proving cigarette smoking in isolation as the cause of disability, in that his reasoning is not based on the totality of evidence on Mr. Freeman's pulmonary condition.[8]

Thus, the ALJ concluded that the interim presumption had not been rebutted and, therefore, that Freeman was entitled to benefits. The Board affirmed the ALJ's decision, and Drummond appealed.

In the first appeal, this court concluded that the ALJ had applied an improper legal standard in his consideration of Dr. Branscomb's testimony on rebuttal. The court first noted that in *Blevins,* upon which the ALJ had relied, the Board held that a physician's medical opinion offered to rebut an interim presumption of pneumoconiosis must be expressed in terms of a "reasonable degree of medical certainty" before that opinion may be considered by an ALJ in rebuttal. The court then went on to reject the *Blevins* standard as erroneous, adopting instead the "reasoned medical judgment standard" that had been adopted by the Seventh Circuit:

> Because Claimants are permitted to invoke the pneumoconiosis presumption merely on the basis of "the documented opinion of a physician exercising reasoned medical judgment," 20 C.F.R. § 727.293(a)(4), mine operators must be permitted to rebut the presumption under the same standard.... [A] physician's opinion, expressed in clear and uncontradicted terms and based on a physical examination, a ventilatory study, chest x-rays, and a review of the miner's employment history satisfie[s] the "reasoned medical judgment" standard.

> .    .    .    .    .

Therefore, because the ALJ applied an incorrect standard, we remand to the ALJ to consider the rebuttal evidence of Dr. Branscomb and the other doctors under

---

**7.** At the end of his discussion regarding the invocation of the presumption, the ALJ made the following statement: "[Freeman's] pneumoconiosis arose out of his coal mine employment." ALJ's Decision and Order issued May 4, 1981 ("Initial Order") at 9. The ALJ did not cite *any*

medical evidence to support his statement, but merely noted that Freeman had worked as a coal miner for 30 years.

**8.** Initial Order at 9 (parenthetical omitted).

the "reasoned medical judgment standard." [9]

On remand, the ALJ, in his first remand order, correctly characterized this court's mandate, stating that "the Court ruled that an improper legal standard was applied in the consideration of rebuttal of the interim presumption under subsection (b)(3)...." [10] Upon reconsideration under the proper legal standard, the ALJ concluded "that Drummond has demonstrated that [Freeman's] occupation played no substantial etiological part in the development of his pulmonary condition, and that rebuttal has been established under subsection (b)(3)." [11] In reaching this conclusion, the ALJ *for the first time* weighed the medical evidence regarding causation. The ALJ found reliable: (1) Dr. Branscomb's opinion that Freeman's pulmonary problems were caused by cigarette smoking and not by coal dust exposure and (2) Dr. Goldstein's opinion that Freeman's symptoms and test results were compatible with his extensive history of cigarette smoking; he found unreliable: (3) Dr. Clemmons' opinion that Freeman's pulmonary impairment was attributable to coal mining; and, he found inconclusive: (4) Dr. Calix's opinion that Freeman was in part disabled due to pneumoconiosis. We set out below the ALJ's findings as to each of these expert opinions, and we compare these findings to the ALJ's findings as to the same opinions in his initial order. As the comparison indicates, the findings in the ALJ's first remand order and the findings in his initial order are *not* inconsistent:

(1) In the first remand order, the ALJ found that Dr. Branscomb's opinion regarding lack of causation was entitled to "substantial weight." [12] In his initial

order, the ALJ did not discredit Dr. Branscomb's opinion regarding lack of causation; rather, the ALJ found that Dr. Branscomb's opinion regarding lack of causation would not be considered because it did not meet the requirements of an erroneous legal standard. The ALJ also found in his initial order that Dr. Branscomb's opinion *regarding the severity of the impairment* was outweighed by the opinions of other doctors; as noted above, the ALJ did not in his initial order weigh the medical evidence on the issue of causation.

(2) In his first remand order, the ALJ found that Dr. Branscomb's opinion regarding lack of causation was supported by the opinion of Dr. Goldstein. In his initial order, the ALJ recited the opinion of Dr. Goldstein but made no finding as to its reliability or credibility.

(3) In his first remand order, the ALJ found Dr. Clemmons' opinion unreliable because Dr. Clemmons relied upon an invalid pulmonary function test and a questionable chest x-ray interpretation and because Dr. Clemmons "fails to give any reasons for stating that the chronic obstructive pulmonary disease he found in [Freeman] was the result of pneumoconiosis." [13] In his initial order, the ALJ found that five of Freeman's pulmonary function tests, including the one upon which Dr. Clemmons relied, were "formally flawed or inadequate" [14] and that the chest x-ray interpretation upon which Dr. Clemmons relied lacked the requisite classification

---

9. *Drummond I,* 733 F.2d at 1525. In addition to clarifying the standard applicable to rebuttal evidence presented to prove lack of causation (§ 727.203(b)(3)), the court also, in a footnote, pointed out errors in the ALJ's factual findings regarding evidence offered to rebut the presumption pursuant to § 727.203(b)(2) (miner capable of performing usual work) and (b)(4) (evidence establishes that miner does not have pneumoconiosis).

10. ALJ's Decision and Order on Remand issued June 27, 1985 ("First Remand Order") at 1.

11. First Remand Order at 12. The ALJ also found that rebuttal was established under subsections (b)(2) (miner capable of performing usual work) and (b)(4) (evidence establishes that miner does not have pneumoconiosis).

12. *Id.* at 11.

13. *Id.* at 12.

14. Initial Order at 8.

365

to invoke the interim presumption.[15] The ALJ's initial order did not discuss the reasons, or lack thereof, to support Dr. Clemmons' opinion that Freeman suffered from pneumoconiosis.

(4) In his first remand order, the ALJ found Dr. Calix's opinion inconclusive because he "failed to state whether the pneumoconiosis was a substantial factor in [Freeman's] overall impairment" and "wholly failed to elicit any smoking history from [Freeman]."[16] In his initial order, the ALJ recited Dr. Calix's opinion that Freeman suffered from a number of conditions, one of which was pneumoconiosis.

Thus, the ALJ's findings in the first remand order *regarding causation* are not at all at odds with his findings in the initial order.[17]

Nevertheless, the Board vacated the ALJ's first remand order, stating:

[T]he administrative law judge's treatment of the evidence in his [first remand order] does not coincide with his view of the evidence at invocation in his [initial order]. This is error, and, as such we must vacate the administrative law judge's finding that rebuttal has been established under Section 272.203(b) and remand this case for an entirely new rebuttal analysis in order for the administrative law judge to resolve the apparent conflict in his credibility determinations.... In this case, the administrative law judge cannot credit a report as reasoned and sufficient for invocation and then later change his mind concerning his credibility determinations on rebuttal, and discredit the same reports as unreasoned and insufficient, without explanation.[18]

The case was again remanded to the ALJ. In its second remand order, the ALJ concluded that Drummond had not rebutted the interim presumption and, therefore, awarded benefits. The Board affirmed, and this appeal followed.

■■■ We agree with Drummond that the Board erred in concluding that the ALJ's findings in the first remand order *as to causation* were inconsistent.[19] In his initial order, the ALJ weighed the medical evidence as to impairment but did *not* weigh the medical evidence as to causation. We are mindful of the language in *Mullins Coal* that, "when the weight of evidence in one of the medical-evidence categories invokes the presumption, then the same evidence cannot be considered during rebuttal to challenge the existence of the fact proved, but it may be considered if relevant to rebut one of the presumed elements of a valid claim for benefits."[20] Thus, an ALJ may not at the invocation stage conclude that a medical opinion of lack of impairment is outweighed by opinions establishing total disability, and then at the rebuttal stage rely on the same opinion of lack of impairment to disprove total disability. The ALJ may, however, rely on the opinion of lack of impairment to rebut one of the presumed elements, *such as causation*, that are not proved during invocation. An ALJ need not, as the Board suggested, find that a medical opinion is either wholly reliable or wholly unreliable. A doctor's opinion as to impairment may be well supported by facts, documents, and reasons, while the same doctor's opinion as to causation may not be so well supported. Accordingly, we find no er-

---

15. Specifically, the ALJ found that the x-ray interpretation was "without ILO U/C classifications...." Initial Order at 7. A chest x-ray may establish the existence of pneumoconiosis only if it is classified pursuant to one of several systems, one of which is the ILO–U/C International Classification of Radiographs of Pneumoconiosis. *See* 20 C.F.R. § 410.428(a)(1) (1993).

16. *First Remand Order* at 12.

17. Because our decision is limited to the issue of causation, we need not decide whether the ALJ's findings in his first remand order regarding rebuttal pursuant to § 727.203(b)(2) and (b)(4) are inconsistent with his findings in the initial order.

18. Board's Decision and Order of October 20, 1987, at 2–3.

19. Again, we find it unnecessary to decide, and, therefore, we express no opinion, as to whether the ALJ's findings as to other methods of rebuttal were inconsistent.

20. 484 U.S. at 167, 108 S.Ct. at 444 (Marshall, J., dissenting, characterizing the Director's reading of the regulation, which was implicitly approved by the majority, 484 U.S. at 150 n. 26, 108 S.Ct. at 436 n. 26).

ror in the ALJ's conclusion that, while Dr. Branscomb's opinion as to impairment was outweighed by other medical opinions, his opinion as to lack of causation was sufficient to rebut the interim presumption pursuant to § 727.203(b)(3).

## III.

For the reasons explained above, we VACATE the Board's decision affirming the ALJ's second remand order awarding benefits and REMAND for reinstatement of the ALJ's first remand order denying benefits.