NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2445
_____

HELEN MINING COMPANY,
Petitioner

v.

HELEN FAIRMAN, Widow of CLARK FAIRMAN; and
DIRECTOR, OFFICE WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR
Respondents
_____

On Petition for Review of a Decision and Order
Of the Benefits Review Board
(BRB No. 10-0494 BLA)
Administrative Law Judge: Honorable Michael P. Lesniak
_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2012
_____

Before: FISHER, GREENAWAY, JR. and ALDISERT, *Circuit Judges*.
_____

(Opinion Filed:  July 31, 2012)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Helen Mining Company ("Helen Mining") petitions for review of a decision and final order of the Benefits Review Board ("the Board") of the United States Department of Labor affirming an administrative law judge's ("ALJ") decision and order granting respondent Helen Fairman's ("Fairman") claim for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq*. For the reasons stated herein, we will deny the petition for review.

## I. <u>BACKGROUND</u>

Because we write primarily for the benefit of the parties, we recount only the essential facts.

Clark M. Fairman, Sr. was employed as a coal miner for approximately nineteen years. After he asserted that he had developed pneumoconiosis based on his employment as a coal miner, the Department of Labor awarded him lifetime black lung benefits on April 18, 1997. Clark Fairman continued receiving benefits until the time of his death on January 26, 2008. On March 23, 2010, Congress passed the Patient Protection and Affordable Care Act of 2010 ("PPACA"), Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260. It amended § 932(l) of the Black Lung Benefits Act, to provide for automatic entitlement to benefits for survivors of miners who received benefits.

On May 3, 2010, after a formal hearing, Administrative Law Judge Michael P. Lesniak awarded black lung benefits to Helen Fairman. On April 29, 2011, the Board affirmed the ALJ's award of benefits. The Board determined that Fairman was entitled to

2

survivor's benefits under 30 U.S.C. § 932(l), as amended by the PPACA, based on her late husband's disabling pneumoconiosis.

Helen Mining petitioned our Court for review of the Board's decision ordering it to pay Helen Fairman all of the benefits to which she is entitled as a surviving spouse. We held this case C.A.V., pending the Supreme Court's decisions in *Department of Health and Human Services, et al v. Florida*, (No. 11-398), *National Federation of Independent Business, et al v. Sebelius*, (No. 11-393) and *Florida v. Department of Health and Human Services*, (No. 11-400).

## II. **JURISDICTION AND STANDARD OF REVIEW**

The Board had jurisdiction to review the ALJ's decision pursuant to 33 U.S.C. § 921(b)(3). We have jurisdiction over Helen Mining's petition for review under 33 U.S.C. § 921(c)(3). "We review the decisions of the Board for errors of law and to assure that it has adhered to its own standard of review." *BethEnergy Mines, Inc. v. Dir., Office of Workers' Comp. Programs*, 39 F.3d 458, 462-63 (3d Cir. 1994). We exercise plenary review over all questions of law. *Id*. at 463.

## III. **ANALYSIS**

Helen Mining's petition presents five issues for our consideration: (1) whether the PPACA is unconstitutional, and whether any unconstitutional provisions should be severed or the entire Act deemed unenforceable; (2) whether the application of the amendments to the Black Lung Act, both retroactively and prospectively, is a violation of Helen Mining's Fifth Amendment right to due process under the Takings Clause; (3)

3

whether application of § 1556 of the PPACA results in irreconcilable inconsistencies in the Black Lung Act, requiring it to be struck down; (4) whether the Award should be vacated and the claim held in abeyance until the Department of Labor issues new regulations implementing PPACA amendments; and (5) whether the application of the PPACA violated the Administrative Procedures Act ("APA").

In light of the Supreme Court's June 28, 2012, decision holding the individual mandate of the PPACA to be constitutional, Helen Mining's first argument must fail.[1] *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2600 (2012) ("The Affordable Care Act's requirement that certain individuals pay a financial penalty for not obtaining health insurance may reasonably be characterized as a tax. Because the Constitution permits such a tax, it is not our role to forbid it, or to pass upon its wisdom or fairness.").

Furthermore, Helen Mining concedes that our decision in *B & G Construction Co., Inc. v. Director, Office of Workers' Compensation Programs*, 662 F.3d 233 (3d Cir. 2011) "essentially resolv[es] all [other] issues raised in [its] brief." Pet'r's Mot. to Hold Appeal in Abeyance 4, Nov. 21, 2011. In *B & G Construction*, we considered the Takings Clause question and held that the amended § 932(l) did not constitute an unconstitutional taking. 662 F.3d at 260-63. We also rejected the argument that amended § 932(l) is inconsistent with the Act's general statement of purpose. *Id.* at 258.

---

[1] Because the Supreme Court found the PPACA's individual mandate to be constitutional, Helen Mining's severability argument is moot.

Although we did not explicitly address the questions of whether new regulations are necessary to properly implement section 1556 or whether the application of the PPACA violated the APA based on an alleged reallocation of the burden of proof regarding the cause of death, our opinion in *B & G Construction* similarly resolves the key issues underlying each of these claims. For example, Helen Mining argues that the ALJ employed an erroneous interpretation of section 1556 when it implemented the amendments contained in the PPACA and suggests that we hold the case in abeyance pending additional guidance from the Department of Labor. However, this argument fails in light of our conclusion in *B & G Construction* that "section 1556 . . . negates any language suggesting that an eligible survivor of a miner who was eligible to receive benefits at the time of his death must file a new claim in order to prove that the miner's death was due to the effects of pneumoconiosis." *Id.* at 252 (supporting the ALJ's interpretation of section 1556 and its application of the PPACA amendments).

Similarly, Helen Mining's APA argument is grounded in an assertion that the section 1556 amendments could be read as an automatic entitlement provision, thus eviscerating the claimant's burden of proof in violation of section 7(c) of the APA. *See* 5 U.S.C. § 556(d) ("Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof.") Section 1556 does not remove the claimant's burden of proof, but rather adjusts the conditions and procedures for establishing entitlement.[2] *See*

_____

[2] In *B & G Construction*, we disagreed with the petitioner's assertion that section 1556 created an irrebutable presumption of entitlement to survivor benefits. In doing so, we stated:

*B & G Constr.*, 662 F.3d at 254.  The absence of burden-shifting, coupled with the fact that Fairman's claim met the requisite burden of proof because her husband was already receiving benefits, indicates that section 7(c) of the APA is not implicated here.

## IV.  **CONCLUSION**

For the reasons stated above, we will deny the petition for review.

---

> [B]y eliminating the need for a widow to show causation between the miner's pneumoconiosis and his death Congress simply has set forth as substantive law a provision that the survivor of a miner receiving benefits is entitled to survivor's benefits regardless of the absence of causation between the miner's pneumoconiosis and his death.  As we explain below, we cannot understand why it cannot do so as there is no principle of law barring it from adopting that approach.  Thus, properly understood, section 1556 does not create a presumption [of entitlement to benefits] at all.

*B & G Constr.,* 662 F.3d at 254.