**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1481
_____

KEYSTONE COAL MINING CORPORATION;
CONSOL ENERGY, INCORPORATED,
                                                    Petitioners
v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; MICHAEL W. CHONCEK
_____

On Petition for Review of an
Order of the Benefits Review Board
(Agency Case No. 22-00153 BLA)
Administrative Law Judge: Drew A. Swank
_____

Argued April 3, 2024

Before: RESTREPO, MATEY and McKEE, *Circuit Judges*.

(Filed: April 24, 2024)
_____

Christopher L. Wildfire **[ARGUED]**
Toni Williams
Sutter Williams
850 Ridge Avenue
Suite 300
Pittsburgh, PA 15212
        *Counsel for Petitioners*

Haley L. Carter **[ARGUED]**
Timothy C. MacDonnell **[ARGUED]**
Washington & Lee University School of Law

Room 106
1 E Denny Circle
Lexington, VA 24450
      *Counsel for Respondent*

_____

OPINION[*]

_____

MATEY, *Circuit Judge.*

Keystone Coal Mining Corporation and Consol Energy, Incorporated (together, "Keystone") petition for review of an order from the United States Department of Labor Benefits Review Board ("Board") affirming the decision of an Administrative Law Judge ("ALJ") to award disability benefits to Michael Choncek. Because the determination is supported by substantial evidence and complies with applicable law, we will deny the petition for review.[1]

## I.

Michael Choncek worked as an underground coal miner for over 20 years. In 2018, he filed a claim for benefits under the Black Lung Benefits Act, 30 U.S.C § 901 *et seq.*, for coal workers' pneumoconiosis ("CWP"), or black lung disease. Responding, the District Director of the Office of Workers' Compensation Programs issued a proposed decision and order awarding benefits. Keystone requested a formal hearing, and an ALJ

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] We thank the Washington and Lee University School of Law's Advanced Administrative Litigation Clinic, appearing on behalf of the Respondent, for its able and zealous advocacy.

confirmed the award. Following a remand by the Board,[2] the ALJ again found that Choncek was totally disabled and again confirmed the benefits award. The Board affirmed the ALJ's decision, and Keystone now brings this petition for review.[3]

## II.

To qualify for CWP benefits, a claimant must prove that he has pneumoconiosis from coal mine employment causing a totally disabling respiratory impairment. *See* 20 C.F.R. §§ 718.202–204. The claimant can invoke a rebuttable presumption of total disability caused by pneumoconiosis if he worked in underground coal mines for at least fifteen years, submitted a compliant chest X-ray that was negative for complicated pneumoconiosis, and "other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment . . . ." App. 24; 30 U.S.C. § 921(c)(4). A totally disabling respiratory or pulmonary impairment prevents a claimant from performing his "usual coal mine work" or comparable employment. 20 C.F.R. § 718.204(b)(1).

## A.

A claimant may prove total disability by submitting evidence that his pulmonary function tests or arterial blood-gas tests yield qualifying values under the Department of

---

[2] The Board held the ALJ erred by "not adequately address[ing] the specific rationales for the opinions of" Keystone's physician experts on legal pneumoconiosis and "explain[ing] the weight he accorded them," App. 57, and in finding Keystone failed to establish that no part of Choncek's disability was caused by pneumoconiosis.

[3] We have jurisdiction over a petition for review of a final order of the Board under 33 U.S.C. § 921(c). We review the Board's decisions "for errors of law and to assure that it has adhered to its own standard of review." *BethEnergy Mines Inc. v. Dir., Off. of Workers' Comp. Programs*, 39 F.3d 458, 462–63 (3d Cir. 1994). The ALJ's findings of fact are "conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3), as incorporated by 30 U.S.C. § 932(a).

Labor's regulations, or that he has been diagnosed with pneumoconiosis and cor pulmonale (pulmonary heart disease) with right-sided congestive heart failure. *See* 20 C.F.R. § 718.204(b)(2)(i–iii). Even absent such evidence, however, total disability can also be found "if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition" qualified the worker as totally disabled. 20 C.F.R. § 718.204(b)(2)(iv).

Here, the ALJ found Choncek totally disabled based on the opinions of three of the five medical experts offered and concluded that Choncek would be unable to perform his usual work as a coal miner or something comparable. Keystone disagrees with the "reasoned medical judgment" of these physicians on whom the ALJ relied. 20 C.F.R. § 718.204(b)(2)(iv). But we decline to reweigh this evidence. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) ("In the process of reviewing the record for substantial evidence, we may not weigh the evidence or substitute our own conclusions for those of the fact-finder.") (cleaned up).

**B.**

Nor do we see error in the ALJ's conclusion that "after considering all of the evidence together," App. 33, Keystone could not show Choncek had neither clinical nor legal pneumoconiosis.[4] Again, Keystone contests the ALJ's evidentiary analysis, but

---

[4] Clinical pneumoconiosis is narrow, consisting "of those diseases recognized by the medical community as pneumoconioses . . . ." 20 C.F.R. § 718.201(a)(1). Legal pneumoconiosis is a broader term that "includes any chronic lung disease or impairment

disagreement does not make the ALJ's decision irrational or unsupported. And Keystone did not demonstrate that "no part of [Choncek's] respiratory or pulmonary total disability was caused by pneumoconiosis." 20 C.F.R. § 718.305(d)(1)(ii). Three of the medical experts consulted by the ALJ attributed at least part of Choncek's total pulmonary disability to pneumoconiosis, while Keystone's two medical experts "did not offer an explanation" as to whether "pneumoconiosis caused [Choncek's] total respiratory disability." App. 12 n.10. The ALJ's decision to pick which evidence to credit, and which to decline, is a discretionary function we will not disturb. *See Rutherford*, 399 F.3d at 552.

\* \* \*

For these reasons, we will deny the petition for review.

---

and its sequelae arising out of coal mine employment," 20 C.F.R. § 718.201(a)(2), or that is "significantly related to, or substantially aggravated by, dust exposure in coal mine employment," 20 C.F.R. § 718.201(b).